**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4714**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

LARRY EARL STEWARD,

                    Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:13-cr-00016-TDS-1)

---

Submitted:  May 19, 2014                    Decided:  May 21, 2014

---

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Sean McGonigle, Third Year Law Student, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Earl Steward pled guilty pursuant to a plea agreement to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Steward to fifty-seven months' imprisonment, a sentence resulting from an upward variance from his advisory Guidelines range of thirty-seven to forty-six months' imprisonment. On appeal, Steward challenges this sentence. We affirm.

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This court first reviews for significant procedural error, and, if the sentence is free from such error, we then consider its substantive reasonableness. Id. at 51. Procedural error includes improperly calculating the Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to explain adequately the selected sentence. Id. Substantive reasonableness is determined by considering the totality of the circumstances, including the extent of any deviation from the Guidelines range. Id. An upward variance is permitted where justified by the § 3553(a) factors. See id. This court must

2

give due deference to the district court's determination that the § 3553(a) factors justify the extent of a variance, and the fact that this court might find a different sentence appropriate is insufficient to justify reversal of the district court. Id.

We conclude after review of the record and the parties' briefs that Steward's above-Guidelines sentence is reasonable. The district court properly calculated Steward's Guidelines range, heard argument from counsel and allocution from Steward, treated the Guidelines range as advisory, considered relevant § 3553(a) factors, and adequately explained the selected sentence. The court specifically explained that Steward's above-Guidelines sentence was warranted by multiple § 3553(a) factors, expressing particular concern about Steward's high likelihood of recidivism in light of the length and nature of his criminal history. We also reject as without merit Steward's argument that the district court gave impermissible weight to portions of his criminal history that were not assigned criminal history points under the Guidelines. The court properly considered the entirety of Steward's criminal history in imposing sentence, 18 U.S.C. § 3553(a)(1), and, in assigning the greatest weight to concerns stemming from Steward's criminal history, did not abuse its discretion. See United States v. Rivera-Santana, 668 F.3d 95, 105 (4th Cir. 2012) (stating it was within district court's discretion to

3

accord more weight to a host of aggravating factors in defendant's case and decide that the sentence imposed would serve the § 3553 factors on the whole).

Steward's sentence is also substantively reasonable, considering the totality of the circumstances, including the extent of the variance. Although the sentence is eleven months above the high end of the Guidelines range, the district court did not abuse its discretion in determining that such a deviation was justified by the § 3553(a) factors, including Steward's criminal history and the need for the sentence to protect the public, to deter Steward, and to promote respect for the law. See United States v. Diosdado-Star, 630 F.3d 359, 366-67 (4th Cir. 2011) (affirming substantive reasonableness of variance sentence six years greater than Guidelines range because it was based on the district court's examination of relevant § 3553(a) factors); United States v. McNeill, 598 F.3d 161, 167 (4th Cir. 2010) (affirming the district court's upward departure based on, among other factors, the seriousness of the offense, McNeill's extensive criminal history, lack of work history, and the need to deter McNeill from future crimes).

While Steward argues that the fifty-seven-month term is greater than necessary to achieve the purposes of sentencing in his case, we reject this argument because it essentially asks this court to substitute its judgment for that of the district

4

court.  While this court may have weighed the § 3553(a) factors differently had it imposed sentence in the first instance, we defer to the district court's decision that a fifty-seven-month sentence achieved the purposes of sentencing in Steward's case. See Gall, 552 U.S. at 51 (explaining that appellate courts "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" the sentence imposed); United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011) ("[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors.").

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED